**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3374-22

TIFFANY SANCHEZ,

     Plaintiff-Appellant,

v.

ALEJANDRO VARGAS,

     Defendant-Respondent.

_____

Submitted May 29, 2024 – Decided July 5, 2024

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2274-17.

Anthony Scordo, Esq., PC, attorneys for appellant (Anthony Scordo, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, plaintiff Tiffany Sanchez appeals from the Family Part's June 9, 2023 order that denied her motion for reconsideration of

the May 12, 2023 order denying her motion to enforce a subpoena and awarding attorneys' fees to defendant Alejandro Vargas, and also denied her request to depose defendant regarding his income. We affirm.

The parties were previously married and had two children together. Their January 16, 2018 judgment of divorce incorporated a marital settlement agreement (MSA). The MSA established defendant's temporary child support obligation of $1,560 per month, payable directly to plaintiff's landlord for her rent expenses. The parties agreed to this obligation until June 1, 2018, at which time child support would be revisited "based on the parenting time and custody circumstances at that time." Based on the record before us, it does not appear any subsequent order was entered regarding child support until 2022.

On the parties' competing motions,[1] Judge Andrea J. Sullivan entered an order on November 29, 2022 reducing defendant's obligation to $132 per week. The reduction was based on a change in circumstances resulting from the untimely death of the parties' child, a change in the parenting time schedule between the parties, and the birth of defendant's child. This amount was

---

[1] Although the parties' motions and resulting orders address other requests for relief not challenged in this appeal, we limit our discussion to the provisions relevant here.

A-3374-22

calculated pursuant to the child support guidelines[2] based on the information contained in the parties' case information statements (CIS).

Because plaintiff believed defendant's CIS underreported his assets, she sought to obtain documentation of other potential sources of income. On February 2, 2023, plaintiff served a subpoena duces tecum on Team Car Wash, requesting

> 1. All documents in your possession that constitute the entire file of any and all construction done by Alejandro Vargas or any company that you are aware he is affiliated with.
>
> 2. All documents in your possession recording communications between any owners/employees of Team Car Wash pertaining to any construction done by Alejandro Vargas or any company that you are aware he is affiliated with.
>
> 3. All documents in your possession sent by or received that contains the name Alejandro Vargas or any company that you are aware he is affiliated with.
>
> 4. All documents that demonstrate payments made to Alejandro Vargas or any company that you are aware he is affiliated with, including, but not limited to, checks, wire transfers, invoices, proposals, estimates, labor costs, time sheets, material costs, etc.

---

[2] Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-B(2) to R. 5:6A (2024).

5. All documents that include any company names Alejandro Vargas may have been affiliated with.

On February 6, 2023, plaintiff served a similar subpoena on Trax Car Wash. Neither business entity responded to the subpoena by the return dates indicated on the subpoenas and, on March 20, 2023, plaintiff filed a notice of motion to hold both entities in contempt and to compel the production of the documents sought in the subpoenas. Defendant opposed the motion, arguing the subpoenas were procedurally deficient, and cross-moved for attorneys' fees.

On May 12, 2023, Judge Sullivan issued an order denying plaintiff's motion and awarding defendant $2,837.50 in attorneys' fees. In the accompanying statement of reasons, the judge found the subpoenas failed to comply with Rule 4:14-7(c) because they were not accompanied by a notice of time and place for deposition and plaintiff did not serve a copy of the subpoenas on defendant. The judge also granted defendant's motion for reasonable attorneys' fees because he was forced "to incur unnecessary legal fees" as a result of plaintiff's violation of court rules.

Plaintiff filed a motion for reconsideration and request to depose defendant, which defendant opposed. In support of the motion, plaintiff's counsel certified the subpoenas complied with the court rule and acknowledged the lack of service on defendant may have been caused by an oversight by his

4

office.  Plaintiff sought to depose defendant about his finances, contending he had misrepresented his assets on his CIS.  In support of this request, plaintiff attached a copy of deed and title documents indicating defendant purchased a home for $360,000 in May 2021, which he then deeded to a living trust in February 2023.  Plaintiff claimed this transaction demonstrated defendant hid assets for purposes of his child support obligation.

Judge Sullivan denied plaintiff's motion by order dated June 9, 2023.  In the accompanying statement of reasons, the judge reiterated she had denied plaintiff's initial motion for contempt and enforcement of the subpoenas "for procedural deficiencies, namely, failure to serve [d]efendant with the subpoenas and failure to designate a time and place for the . . . deposition."  The judge also pointed out the subpoenas were issued without the permission of the court, which was required because the matter was post-judgment and no proceeding was pending before the court.  She further noted counsel's certification was "perplexing" because it "concede[d] . . . [d]efendant may not have been properly served with the subpoenas 'for some reason.'"  Although plaintiff averred defendant "knew about the subpoenas," she failed to produce any proof of service.

As for reconsideration of the award of attorneys' fees, the judge noted plaintiff did not initially oppose defendant's cross-motion for attorneys' fees and instead filed a motion for reconsideration. Thus, plaintiff failed to demonstrate the prior decision warranted reconsideration because it was unreasonable or overlooked a material issue of fact or law.

The judge also denied the request to depose defendant, finding plaintiff failed to establish a prima facie case of change in circumstances justifying the deposition.

This appeal follows, in which plaintiff raises the following issues for our consideration:

> POINT I
>
> THE SUBPOENAE IN QUESTION WERE PROPERLY ISSUED WHEN IT BECAME CLEAR THAT DEFENDANT WAS MISREPRESENTING TO THE COURT HIS INCOME AND ASSETS AND WERE IN FULL COMPLIANCE WITH THE RULES OF THIS COURT.
>
> POINT II
>
> THE AWARD OF ATTORNEYS' FEES TO DEFENDANT WAS A CLEAR ABUSE OF DISCRETION WARRANTING CONSIDERATION.

A-3374-22

POINT III

THE COURT ERRED IN DENYING PLAINTIFF'S APPLICATION TO DEPOSE DEFENDANT WITH RESPECT TO HIS FINANCIAL CIRCUMSTANCES.

We review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ACB Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks and citation omitted)).

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.

[Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

Turning to plaintiff's first point, she argues the court misapplied Rule 1:9-2 and 4:14-7(c) because the subpoenas contained the proper wording and sought records rather than dates to appear for deposition. We disagree.

The judge denied plaintiff's motion to enforce the subpoenas for two reasons. First, despite plaintiff's repeated contentions to the contrary, the subpoenas failed to comport with Rule 4:14-7(c), which states that "[a] subpoena commanding a person to produce evidence for discovery purposes may be issued only to a person whose attendance at a designated time and place for the taking of a deposition is simultaneously compelled." Plainly stated, a demand for documents must be accompanied by a notice of deposition. Although plaintiff's subpoenas commanded the recipients "to produce and deliver" documents to her counsel's office by a certain date and time, this instruction does not transform the subpoena duces tecum, which is a demand for the production of documents. into a subpoena ad testificandum, which is a demand to appear for a deposition.

Second, plaintiff failed to comply with the section of Rule 4:14-7(c) that requires a subpoena to "be simultaneously served no less than [ten] days prior to the [return] date . . . on all parties." Plaintiff's secondhand knowledge of the subpoena did not satisfy this requirement.

In denying plaintiff's motion for reconsideration, the judge reiterated these reasons and, although not addressed in her prior decision, also noted the subpoenas here were issued post-judgment and therefore required leave of court pursuant to Rule 5:5-1(d). Not only did plaintiff not seek the requisite permission, she served the subpoenas after the court had already issued its decision on the motion and there was no longer any matter pending.

We are unpersuaded the judge's denial of reconsideration constituted an abuse of discretion because nothing about her prior decision lacked a rational explanation, departed from established policies, or rested on an impermissible basis.

Turning to plaintiff's second point, we also review a trial court's award of attorneys' fees for abuse of discretion. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016). Determinations regarding attorneys' fees will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). Where a trial judge correctly applies the case law, statutes, and court rules governing attorneys' fees, the fee award is entitled to an appellate court's deference. See Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000).

In family actions, a trial court has the authority to award attorneys' fees pursuant to N.J.S.A. 2A:34-23, Rule 4:42-9(a)(1) and Rule 5:3-5. The award of attorneys' fees in matrimonial matters is within the sound discretion of the court. Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). When awarding attorneys' fees, a

> court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [Mani v. Mani, 183 N.J. 70, 94-95 (2005) (citing Williams v. Williams, 59 N.J. 229, 233 (1971)).]

Here, the trial court did not abuse its discretion in awarding defendant attorneys' fees because it carefully considered plaintiff's violation of the court rules and reasonableness of the fees requested. In denying the motion for reconsideration, the judge also noted plaintiff failed to oppose defendant's motion. In light of our deferential standard of review, we discern no basis to disturb the trial court's decision.

We next address plaintiff's third point, in which she argues she demonstrated with "irrefutable evidence" defendant misrepresented to the court

his major asset, a $360,000 home, and the court "minimized" this "blatant misrepresentation."

Again, our scope of review of Family Part orders is narrow. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters," Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 412), and we will not overturn the Family Part's findings of fact when they are "supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 412. A reviewing court will also not disturb the Family Part's factual findings and legal conclusions that flow from them unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). We review a Family Part's legal determinations de novo. Id. at 565.

In a post judgment setting, a "party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved." Lepis v. Lepis, 83 N.J. 139, 157 (1980). Before a court has the ability to "order discovery of an ex-spouse's

financial status[,]" a movant must make a prima facie showing of changed circumstances. Ibid. "When the movant is seeking modification of child support, the guiding principle is the 'best interests of the children.'" Ibid. "A prima facie showing would then require a demonstration that the child's needs have increased to an extent for which the original arrangement does not provide." Ibid. Only "once a prima facie case is established, tax returns or other financial information should be ordered." Ibid.

Here, plaintiff did not demonstrate her child's needs increased in a way that defendant's current child support obligation did not cover expenses; rather, she alleged defendant's purchase of a "mansion" should have signaled his income was greater than he claimed on his CIS. The judge disagreed with plaintiff's characterization of defendant's home and determined plaintiff's arguments fell short of establishing a prima facie showing of a change in circumstances that would warrant the court's revisiting child support or permitting discovery on defendant's finances. Having reviewed the record in light of the applicable standard of review, we discern no reason to disturb the judge's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION